STATE OF HAWAI'I, Plaintiff-Appellee,
v.
RICHERT DEAN MATHIAS, Defendant-Appellant.
No. 29247.
Intermediate Court of Appeals of Hawaii.
June 25, 2009.
On the briefs:
Craig W. Jerome,, Deputy Public Defender, for Defendant-Appellant.
Loren J. Thomas, Deputy Prosecuting Attorney, City and County of Honolulu, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY and LEONARD, JJ.
Defendant-Appellant Richert Dean Mathias (Mathias) appeals from the Judgment entered on June 5, 2008 in the District Court of the First Circuit, Honolulu Division (district court),[1] The district court found Mathias guilty of Harassment, in violation of Hawaii Revised Statutes § 711-1106(1) (a) (Supp. 2008).[2]
On appeal, Mathias contends there was insufficient evidence to support a conviction for the offense of Harassment because the State of Hawai'i (State) did not prove beyond a reasonable doubt facts negating the defenses of self-defense and defense of others.
Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law; and viewing the evidence in the strongest light for the State, State v. Bayly, 118 Hawai`i 1, 6, 185 P.3d 186, 191 (2008), it appears there was substantial evidence to support the conviction of Mathias as charged. We decline to secondguess the district court's determination of credibility on appeal. State v. Eastman, 81 Hawai`i 131, 139, 913 P.2d 57, 65 (1996). Based upon the determination of credibility by the district court, there was substantial evidence to carry the State's burden of negating the claims of self-defense and defense of others beyond a reasonable doubt. See State v. Gabrillo, 10 Haw. App. 448, 456-57, 877 P.2d 891, 895 (App. 1994).
Therefore,
IT IS HEREBY ORDERED that the Judgment entered on June 5, 2008 in the District Court of the First Circuit, Honolulu Division, is affirmed.
NOTES
[1] The Honorable Lono J. Lee presided.
[2] At Mathias's arraignment on the day of trial, the prosecutor erroneously referred to "Section 701-1106-1(a) of the Hawaii Revised Statute[s]." No objection was made, and the issue was not raised on appeal. The error in citation does not appear to have prejudiced Mathias. See Hawai'i Rules of Penal Procedure Rule 7(d) (2008) ("Formal defects, including error in the citation or its omission, shall not be ground for dismissal of the charge or for reversal of a conviction if the defect did not prejudice the defendant.")